## CIRCUIT COURT OF MONTGOMERY COUNTY

Herbert R. Alcorn
t/a Park Realty Co.

v.

Blacksburg Board
of Zoning Appeals et al.

December 28, 1981

Case No. V-3391

By JUDGE KENNETH I. DEVORE

The Petitioner during the year 1967 established a mobile home park in Montgomery County, Virginia, consisting of eighty-five rental sites for the parking of mobile homes. The land where the park is situated was annexed from the County by the Town of Blacksburg, on January 1, 1973, and, therefore, at the time of annexation, it had legal nonconforming use status, although, that section of the Town was zoned "multiple unit residential" (R-14), in which mobile home parks were not permitted. By proper application, the Respondent allowed the Petitioner to increase the sites to one hundred and sixty-six. In all sites utilities are installed, along with paved streets, concrete slabs, yard space, etc. Blacksburg is the home of Virginia Polytechnic Institute and State University, and Petitioner had spaces rented to, among others, students with mobile homes, who would from time to time move the mobile home upon graduation, or other reasons, and the Petitioner would rent the space to another person with a mobile home. In other words, one mobile home would be moved and replaced by another. Each time a mobile home was moved and replaced, the Petitioner would apply for, and be granted, a building permit, however, in the

year 1981 he made application and it was denied by the Land Development Coordinator of the Town. The matter was then taken by the Petitioner before the Board of Zoning Appeals of the Town and by a three to three vote was denied. The matter is now before this Court, pursuant to Statute. The evidence before this Court is clear that the *character* and *use* of the park has not changed since its development in 1967, and is still being used in its existing use as it was at the time of annexation, or since its inception or development in 1967.

The issue before the Court is whether the Petitioner has a vested interest and the use is legal, and as such, eligible for protection as a nonconforming use.

Section 15.1-492 of the 1950 Code of Virginia, as amended, states as follows:

> Nothing in this article shall be construed to authorize the impairment of any vested right, except that a zoning ordinance may provide that land, buildings, and structures and the uses thereof which do not conform to the zoning prescribed for the district in which they are situated may be continued only so long as the then existing or a more restricted use continues and such use is not discontinued for more than two years, and so long as the buildings or structures are maintained in their then structural condition; and that the uses of such buildings or structures shall conform to such regulations whenever they are enlarged, extended, reconstructed or structurally altered and may further provide that no "nonconforming" building or structure may be moved on the same lot or to any other lot which is not properly zoned to permit such "nonconforming" use.

From a consideration of the evidence before the Court, the Court is of the opinion that the Petitioner had a vested right, and that the character and use of the land has not changed or been altered when one mobile home is replaced by another. The evidence before the Court was that the Petitioner had a substantial investment in the park; that during the year 1981 he had fifteen empty spaces, along with twenty potential renters on his waiting list, with a loss of $1,050.00 each month

that these spaces remained vacant. The Court is of the opinion that this is certainly a vested interest.

In the recent case by our Supreme Court, *Knowlton v. Browning-Ferris*, 220 Va. 571 (1979), at page 576, our Court said that a nonconforming use need not remain static, "we consider whether the *character* of the nonconforming use in existence when the zoning restriction was imposed has been continued or changed."

The Court, therefore, would grant the Petitioner's prayer.